UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE MARRERO** - - - - - - - -x

**06 CV 11504**

PEARSON EDUCATION, INC.,           :
JOHN WILEY & SONS, INC.,           :
THOMSON LEARNING INC., AND         :
THE MCGRAW-HILL COMPANIES, INC.,   :

                    Plaintiffs,    :

        -against-                  :

                                   :

JOHN DOE NOS. 1-5 D/B/A            :
COLLEGESOLUTIONS.TRIPOD.COM        :
D/B/A ECONOMICAL BOOKS D/B/A       :
CHEAPEST BOOKS D/B/A CENTRAL       :
BOOKS D/B/A BOOK DEALS,            :

                    Defendants.    :

- - - - - - - - - - - - - - - - - x

RECEIVED
OCT 31 2006
U.S.D.C. S.D. N.Y.
CASHIERS

06 Civ

## COMPLAINT

Plaintiffs Pearson Education, Inc. ("Pearson"), John Wiley & Sons, Inc. ("Wiley"), Thomson Learning Inc. ("Thomson"), and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their undersigned attorneys, for their complaint against defendants John Doe Nos. 1 through 5 d/b/a collegesolutions.tripod.com, d/b/a Economical Books d/b/a Cheapest Books d/b/a Central Books d/b/a/ Book Deals aver:

### Nature of the Action

1.   Plaintiffs are bringing this action to enforce their copyrights and trademarks against defendants' unlawful sale (i) in the United States of non-United States versions of

plaintiffs' educational books and (ii) of plaintiffs' instructors' solutions manuals.

## Jurisdiction and Venue

2.   This Court has subject matter jurisdiction over the first three claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq., or the Lanham Act, 15 U.S.C. § 1051 et seq.  This Court has subject matter jurisdiction over the fourth claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3.   Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Parties

4.   Pearson is a Delaware corporation with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5.   Wiley is a New York corporation with its principal place of business at 111 River Street, Hoboken, New Jersey 07030.

6.    Thomson is a Delaware corporation with its principal place of business at 200 First Stamford Place, Stamford, Connecticut 06902.

7.    McGraw-Hill is a New York corporation with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

8.    Upon information and belief, John Doe Nos. 1 through 5 d/b/a collegesolutions.tripod.com, d/b/a Economical Books d/b/a Cheapest Books d/b/a Central Books d/b/a Book Deals are natural persons whose identities are presently unknown to plaintiffs.

### The Businesses of Plaintiffs

9.    Each plaintiff publishes a variety of works, including educational books.

10.    As a standard practice, each plaintiff requires its authors to assign the copyright to them or grant them the exclusive rights of reproduction and distribution in the United States.  This practice enables each plaintiff to maximize dissemination of each work.

11.    Plaintiffs invest significant monies to publish their copyrighted works.  Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

12.   Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced.  A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals.  This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

13.   An important part of plaintiffs' business is derived from publishing college textbooks.  College professors select textbooks from competing publishers based on the pedagogical value and the quality of supplementary materials.

14.   Instructor's solutions manuals are important supplementary materials.  Professors use instructor's solutions manuals aid to in grading homework.  Students, however, use instructor's solutions manuals to cheat.  Professors are less likely to select a textbook if the instructor's solutions manuals are freely and/or widely available.  Accordingly, plaintiffs do not sell their instructor's solutions manuals, and tightly control their distribution to known faculty.

15.   Plaintiffs' educational textbooks authorized for sale in the United States are of the highest quality (the "United States Editions").  These books are generally printed on strong, hard-cover bindings with glossy protective coatings and, in some cases, contain extra features such as sewn ribbon

bookmarks.  Plaintiffs frequently offer academic supplements, such as CD-ROMs, computer passwords that provide purchasers with access to academic websites corresponding to the textbooks, and study guides with the United States Editions.

16.  Plaintiffs generally create different versions of their educational books that are intended for sale in specific geographic markets outside of the United States (the "Foreign Editions").  The Foreign Editions materially differ from the United States Editions.  The Foreign Editions have thinner paper and different bindings, different cover and jacket designs, fewer internal ink colors, if any, lower quality photographs and graphics, and generally lower prices than the United States Editions.  Also, the Foreign Editions often lack academic supplements, such as CD-ROMs, website passwords, or study guides.  The Foreign Editions are generally marked to indicate their lower cost by a legend indicating, in substance, that the title is a "Low Price Edition" and/or authorized for sale only in a particular country or geographic region.  The Foreign Editions are uniformly manufactured outside of the United States.

## Plaintiffs' Copyrights and Trademarks

17.  Plaintiffs routinely register their copyrights. Pearson has registered the works identified on Schedule A (the "Pearson Copyrights").  Wiley has registered the works

identified on Schedule B (the "Wiley Copyrights").  Thomson has registered the works identified on Schedule C (the "Thomson Copyrights").  McGraw-Hill has registered the works identified on Schedule D (the "McGraw-Hill Copyrights").

18.  Plaintiffs also own, themselves or through their parent or affiliate companies, trademarks that they use to differentiate their products from those of their competitors.

19.  Pearson PLC, Pearson's ultimate parent company, is the owner of and Pearson is an exclusive licensee of, with the accompanying right and duty to protect and enforce Pearson's rights therein, the well-known trademarks "Pearson," "Pearson Education" and "Prentice Hall."  Pearson's affiliate corporation Addison Wesley Longman, Inc., is the owner of, and Pearson is the exclusive licensee of, with the accompanying right and duty to protect and enforce its and its affiliate company's rights therein, the well known trademarks "Addison Wesley" or "Addison-Wesley" (the "Pearson Trademarks").  The United States Registrations for the Pearson Trademarks are identified on Exhibit E.

20.  Among Wiley's well-known trademarks are "John Wiley & Sons," "Wiley," and the "John Wiley Colophon" (the "Wiley Trademarks").  The United States Registrations for the Wiley Trademarks are identified on Exhibit F.

21.  Among Thomson's well-known trademarks are "Thomson Learning" (the "Thomson Trademarks").  The United States Registrations for the Thomson Trademarks are identified on Exhibit G.

22.  Among McGraw-Hill's well-known trademarks are "McGraw Hill," "The McGraw-Hill Companies" and "Irwin" (the "McGraw-Hill Trademarks").  The United States Registrations for the McGraw-Hill Trademarks are identified on Exhibit H.

<u>The Infringing Acts of Defendants</u>

23.  Defendants have without permission (i) purchased Foreign Editions of plaintiffs' books manufactured outside of the United States and resold them to purchasers in the United States and (ii) reproduced and sold electronic copies of plaintiffs' instructor's solutions manuals, through online sales at www.collegesolutions.tripod.com.  As of the filing of this complaint, defendants had more than 54 titles for sale on www.collegesolutions.tripod.com.

<u>FIRST CLAIM FOR RELIEF</u>
(Copyright Infringement - 17 U.S.C. § 501)

24.  Plaintiffs repeat the averments contained in paragraphs 1 through 23 as if set forth in full.

25.  Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

26.  Wiley has received United States Certificates of Copyright Registration for the Wiley Copyrights.

27.  Thomson has received United States Certificates of Copyright Registration for the Thomson Copyrights.

28.  McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

29.  The Pearson, Wiley, Thomson and McGraw-Hill Copyrights are valid and enforceable.

30.  Defendants have infringed the Pearson, Wiley, Thomson and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

31.  Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson, Wiley, Thomson and McGraw-Hill Copyrights.

32.  Defendants have willfully infringed the Pearson, Wiley, Thomson and McGraw-Hill Copyrights.

33.  Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including

(1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

### SECOND CLAIM FOR RELIEF
(Trademark Infringement – 15 U.S.C. § 1114(a))

34.   Plaintiffs repeat the averments contained in paragraphs 1 through 33 above as if set forth in full.

35.   Pearson is the exclusive licensee of the Pearson Trademarks, with the accompanying right and duty to protect and enforce Pearson's rights therein.  Pearson's licensor parent and affiliate companies have obtained United States Trademark Registrations for the Pearson Trademarks.

36.   Wiley owns the Wiley Trademarks, for which it has obtained United States Trademark Registrations.

37.   Thomson owns or is the exclusive licensee of the the Thomson Trademarks, with the accompanying right and duty to protect and enforce all rights therein.  Thomson or its licensors own the Thomson Trademarks, for which Thomson or its licensors have obtained United States Trademark Registrations.

38.   McGraw-Hill owns the McGraw-Hill Trademarks, for which it has obtained United States Trademark Registrations.

39.   The Pearson, Wiley, Thomson and McGraw-Hill Trademarks are valid and enforceable.

40.   Defendants have infringed the Pearson, Wiley, Thomson and McGraw-Hill Trademarks in violation of 15 U.S.C.

§ 1114(a) by using them on and/or in connection with the works that they have sold.

41.    Defendants' acts complained of herein have irreparably damaged plaintiffs and may continue to do so.  The damage to plaintiffs includes harm to their good will and reputation in the marketplace for which money cannot compensate. Plaintiffs are particularly concerned that their trademarks are used in connection with unauthorized electronic products, which could contain malicious viruses.  Plaintiffs have no adequate remedy at law for these wrongs.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson, Wiley, Thomson and McGraw-Hill Trademarks or any colorable imitation of them.

42.    Defendants have willfully infringed the Pearson, Wiley, Thomson and McGraw-Hill Trademarks.

43.    Plaintiffs are entitled to recover (1) defendants' profits from the infringing books, (2) plaintiffs' damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

<u>THIRD CLAIM FOR RELIEF</u>
(Trademark Counterfeiting – 15 U.S.C. § 1117)

44.   Plaintiffs repeat the averments contained in paragraphs 1 through 43 above as if set forth in full.

45.   In connection with the sale of their unlawfully reproduced instructors' solutions manuals, defendants have used counterfeits of the Pearson, Wiley, Thomson and McGraw-Hill Trademarks.

46.   Based upon defendants' use of the counterfeit marks in connection with the sale of the unlawfully reproduced instructors' solutions manuals, plaintiffs are entitled to treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c).

<u>FOURTH CLAIM FOR RELIEF</u>
(Common Law Unfair Competition Under State Law)

47.   Plaintiffs repeat the averments contained in paragraphs 1 through 46 above as if set forth in full.

48.   Defendants' acts complained of herein have damaged and may continue to damage plaintiffs irreparably.  The damage to plaintiffs includes harm to their goodwill and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs and injuries.  Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, his agents, servants, employees, and attorneys and all persons

acting in concert with them from using the Pearson, Wiley, Thomson and McGraw-Hill Trademarks or any colorable imitation of them, to restitution of defendant's ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiffs demand judgment:

A.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Wiley, Thomson and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.   Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willful infringement of the Pearson, Wiley, Thomson and McGraw-Hill Copyrights;

C.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Wiley, Thomson and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a);

D.   Awarding plaintiffs their damages and/or defendants' profits from their willful infringement and/or counterfeiting of the Pearson, Wiley, Thomson and McGraw-Hill Trademarks pursuant to 15 U.S.C. § 1117(a);

E.   Awarding plaintiffs treble damages, treble profits and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c);

F.   Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

G.   Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

H.   Awarding plaintiffs punitive damages in an amount to be determined by the trier of fact in this action; and

I.   Granting such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       October 31, 2006

                              PERKINS & DUNNEGAN

                              By _William Dunnegan_
                                 William Dunnegan (WD9316)
                                 Megan L. Martin (MM4396)
                              Attorneys for Plaintiffs
                                 Pearson Education, Inc.,
                                 John Wiley & Sons, Inc.,
                                 Thomson Learning Inc., and
                                 The McGraw Hill Companies, Inc.
                              45 Rockefeller Plaza
                              New York, New York 10111
                              (212) 332-8300

Schedule A
"Pearson Copyrights"

<u>Title</u>        (<u>Date of Registration</u>)     (<u>Registration #</u>)

1.      Engineering Mechanics Statics, Tenth Edition (September 11, 2003) (TX5-819-119)

2.      Feedback Control of Dynamic Systems, Fourth Edition (January 15, 2002) (TX5-475-773)

3.      Linear Algebra with Applications, Third Edition (July 22, 2004) (TX6-005-808)

4.      Mechanics of Materials, 6th edition (Jan. 17, 2006) (TX6-288-609)

5.      Semiconductor Device Fundamentals, First Edition (February 28, 1996) (TX-4-201-811)

6.      Computer-Controlled Systems: Theory and Design, Third Edition (May 19, 1998) (TX-4-775-545)

7.      Physics for Scientists and Engineers, Third Edition (February 18, 2000) (TX-5-136-541)

8.      Physics for Scientists and Engineers with Modern Physics, Third Edition (July 20, 2000) (TX-5-249-338)

9.      Physics for Scientists and Engineers with Modern Physics: A Strategic Approach, First Edition (March 3, 2004) (TX5-920-354)

10.     Linear Algebra and Its Application, Third Edition (December 20, 2002) (TX5-659-182)

11.     Electric Circuits, Seventh Edition (application pending)

12.     Digital Signal Processing: Principles, Algorithms and Applications, Third Edition (February 1, 1996) (TX-4-182-496)

13.     Communication Systems Engineering, Second Edition (September 26, 2001) (TX5-441-572)

14.     A First Course in Probability, Sixth Edition (October 3, 2001) (TX5-446-395)

15.     Physics, Second Edition (June 6, 2003) (TX5-770-853)

16.     University Physics with Modern Physics with Mastering
        Physics, Eleventh Edition (September 10, 2003) (TX5-
        796- 468)

Schedule B
"Wiley Copyrights"

<u>Title</u> (<u>Date of Registration</u>) (<u>Registration #</u>)

1.  Advanced Engineering Mathematics, Eighth Edition (August 28, 2003) (TX-5-784-074)

2.  Analysis and Design of Linear Circuits, Fourth Edition (July 29, 2003) (TX-5-772-381)

3.  Basic Engineering Circuit Analysis, Seventh Edition (April 19, 2004) (TX-5-973-105)

4.  Elementary Differential Equations and Boundary Value Problems, Seventh Edition (August 25, 2000) (TX-5-257-588)

5.  Elementary Differential Equations and Boundary Value Problems, Eighth Edition (June 7, 2004) (TX-5-981-457)

6.  Engineering Mechanics: Dynamics, Fifth Edition (November 8, 2001) (TX-5-539-471)

7.  Engineering Mechanics: Statics, Fifth Edition (February 28, 2002) (TX-5-461-761)

8.  Fundamentals of Engineering Thermodynamics, Fifth Edition (August 1, 2003) (TX-5-809-993)

9.  Fundamentals of Heat and Mass Transfer, Fifth Edition (October 25, 2001) (TX-5-457-784)

10. Fundamentals of Physics: Part 1, Seventh Edition (February 4, 2004) (TX-5-914-662)

11. Fundamentals of Physics: Part 2, Seventh Edition (February 18, 2004) (TX-5-914-834)

12. Fundamentals of Physics: Part 3, Seventh Edition (May 7, 2004) (TX-5-960-569)

13. Fundamentals of Physics: Part 4, Seventh Edition (July 2, 2004) (TX-5-991-938)

14. Fundamentals of Physics: Part 5, Seventh Edition (July 16, 2004) (TX-6-002-242)

15. Fundamentals of Thermodynamics, Sixth Edition (November 12, 2002) (TX-5-612-550)

16. Intermediate Accounting, Eleventh Edition (May 29, 2003) (TX-5-745-393)

17. Introduction to Fluid Mechanics, Sixth Edition (August 12, 2003) (TX-5-783-343)

18. Materials Science and Engineering: An Introduction, Sixth Edition (October 7, 2003) (TX-5-804-687)

Schedule C
"Thomson Copyrights"

Title        (Date of Registration)      (Registration #)

1.   Calculus, (January 14, 2003) (TX5667332)

2.   Multivariable Calculus, (January 14, 2003) (TX5649563)

3.   Probability and Statistics for Engineering and the
     Sciences, (July 30, 2003) (TX5790230)

Schedule D
"McGraw-Hill Copyrights"

<u>Title</u>      (<u>Date of Registration</u>)    (<u>Registration #</u>)

1.   Investments, Sixth Edition, (TX-5-940-059)

2.   Thermodynamics, Fourth Edition, (TX-5-344-497)

3.   Electric Machinery and Power System Fundamentals, (TX-5-86-295)

4.   Consumer Behavior, (TX-6-018-648)

5.   Electronic Circuit Analysis, Second Edition, (TX-5-257-043)

Schedule E
"Pearson Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "Pearson" | 2,599,724 | 009, 016, 035, 042 |
| 2. "Pearson" | 2,600,081 | 041 |
| 3. "Pearson" | 2,652,792 | 009, 016 |
| 4. "Pearson" | 2,679,355 | 016 |
| 5. "Pearson" | 2,691,830 | 041 |
| 6. "Pearson" | 2,694,359 | 009 |
| 7. "Prentice-Hall" | 1,332,044 | 016 |
| 8. "Prentice-Hall" | 1,332,639 | 042 |
| 9. "Prentice-Hall" | 1,375,654 | 009 |
| 10. "Addison Wesley" | 2,188,798 | 016 |
| 11. "Addison-Wesley" | 2,400,130 | 016 |

Schedule F
"Wiley Trademarks"

| U.S. Trademark | Registration Number | Class |
| --- | --- | --- |
| 1. "JW" Colophon | 2,168,941 | 009, 042 |
| 2. "Wiley" | 1,003,988 | 009, 016, 036, 038 |
| 3. "Wiley" | 2,159,987 | 009, 042 |

Schedule G
"Thomson Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "Thomson Learning" | 2,810,953 | 009, 016, 041 |
| 2. "Thomson Learning" | 2,926,467 | 035 |

Schedule H
"McGraw-Hill Trademarks"

| U.S. Trademark | Registration Number | Class |
|---|---|---|
| 1. "McGraw-Hill" | 1,350,345 | 16 |
| 2. "McGraw-Hill" Bug | 2,899,528 | 16, 41 |
| 3. "The McGraw-Hill Companies" | 3,103,212 | 9,16,35,36,37, 38,39,40,41,42 |
| 4. "Irwin" | 1,718,118 | 16 |